UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT J. DIMLER,

    Plaintiff,

v.                                  Case No: 8:20-cv-1926-T-30JSS

PRESTIGE CHRYSLER JEEP DODGE
RAM LLC and CHRYSLER CAPITAL
AUTO FINANCE, INC.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Proceed *in Forma Pauperis* ("Motion"). (Dkt. 5.) Upon consideration and for the reasons that follow, it is recommended that Plaintiff's Motion be denied without prejudice and that Plaintiff's Amended Complaint be dismissed without prejudice.

## BACKGROUND

Plaintiff initially commenced this action by filing an Application to Proceed in District Court without Prepaying Fees or Costs, which the Court construed as a Motion for Leave to Proceed *in Forma Pauperis*. (Dkts. 1, 2.) As Plaintiff failed to file a complaint, Plaintiff's initial motion for leave was denied and the case was dismissed without prejudice. (Dkt. 3.) Plaintiff was granted leave to file an amended complaint. (Dkt. 3 at 2.)

Thereafter, Plaintiff filed an Amended Complaint purporting to assert claims for violations of the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f, and breach of contract. (Dkt. 4.) Plaintiff also filed the instant Motion. (Dkt. 5.) In the Amended Complaint, Plaintiff alleges that he entered into two written contracts with Defendants, Prestige, Chrysler, Dodge, Jeep, Ram, LLC and


Chrysler Capital Auto Finance, Inc., on March 23, 2018 in Longmont, Colorado.  (Dkt. 4 at 4.) Plaintiff contends that the contracts related to the exchange, transfer, or trade of various motor vehicles.  (*Id.*)  Plaintiff further alleges that he signed the contracts under duress and attempted to cancel the contracts the following day.  (*Id.*)  According to Plaintiff, Defendants refused to cancel the contracts, called the local police, filed a false police report, barred him from their property, and failed to provide him with copies of the contracts and other documentation.  (*Id.*)  Plaintiff alleges damages in excess of $150,000.  (*Id.*)

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  A court's decision to grant *in forma pauperis* status is discretionary.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'"  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case.  Nonetheless, the Court recommends dismissal of Plaintiff's Amended Complaint without prejudice for the reasons that follow.

Plaintiff's Amended Complaint is subject to dismissal under § 1915 as Plaintiff failed to allege a basis for this Court to properly exercise jurisdiction over Defendants. *Mitchell v. N. Carolina Med. Bd.*, No. 6:16-cv-1648-ORL-37DCI, 2017 WL 5241420, at *4 (M.D. Fla. Jan. 12, 2017), *report and recommendation terminated as moot*, No. 6:16-cv-1648-ORL-37DCI, at *4 (M.D. Fla. Jan. 25, 2017); *see Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990) ("[I]f the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed."); *Michaels v. Micamp Merch. Servs.*, No. 6:13-cv-1920-ORL-37DAB, 2014 WL 235474, at *5 (M.D. Fla. Jan. 22, 2014) (recommending dismissal for lack of personal jurisdiction).

To determine whether personal jurisdiction exists, the Court employs a two-step analysis. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). First, the Court must evaluate whether jurisdiction is appropriate under Florida's long-arm statute, Fla. Stat. § 48.193. *Id.* The allegations in the Amended Complaint do not provide a basis for the Court to apply Florida's long-arm statute to exercise personal jurisdiction over Defendants. Specifically, the Amended Complaint does not contain facts alleging any business operations, tortious actions, solicitation, or other conduct by Defendants to establish jurisdiction under the statute. Fla. Stat. § 48.193(1)(a).

In the second step of the inquiry, the Court examines whether the exercise of personal jurisdiction over Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mut. Serv. Ins. Co.*, 358 F.3d at 1319. Due process requires "that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *Id.* (internal punctuation and quotation omitted); *see also Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 471–72 (1985) ("The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'") (quoting *Int'l Shoe Co. v. Washington, Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945)). Thus, the Constitution "prohibits the exercise of personal jurisdiction over a nonresident defendant unless his contact with the state is such that he has fair warning that he may be subject to suit there." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (internal punctuation and quotation omitted).

Plaintiff has not pled any facts in the Amended Complaint to establish that either Defendant has any contact with the State of Florida sufficient to support the exercise of personal jurisdiction. Plaintiff alleges that Defendant Prestige Chrysler, Dodge, Jeep, Ram LLC operates in Colorado. (Dkt. 4 at 2.) Additionally, Plaintiff contends that Defendant Chrysler Capital Auto Finance, Inc. is incorporated in Texas and conducts business in Colorado. (Dkt. 4 at 2–3.) Further, all events alleged in Plaintiff's Amended Complaint appear to have occurred in Colorado. (Dkt. 4.) Plaintiff has not alleged any facts to establish that either Defendant conducts business or advertises in Florida or would otherwise be subject to suit in this state. *See United Techs. Corp v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."). Thus, there is no basis on the face of the Amended Complaint for the Court to exercise personal jurisdiction over Defendants.

The Court may raise the issue of lack of personal jurisdiction *sua sponte*, but, because the defect is waivable, "the court may not dismiss without first giving the parties an opportunity to present their views on the issue." *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988); *see Caprice v. M. Rubin & Co. LLC*, No. 1:13-cv-2371-RLV, 2013 WL

12382883, at *1 n.1 (N.D. Ga. Oct. 11, 2013), *report and recommendation adopted,* No. 1:13-cv-2371-RLV, 2013 WL 12382861 (N.D. Ga. Nov. 23, 2013) ("[I]t is not proper for the Court to dismiss Plaintiff's claims *sua sponte* for lack of personal jurisdiction or improper venue because both are defects that are waivable by the Defendants if they so choose."). As such, it is recommended that Plaintiff be provided an opportunity to further amend his Amended Complaint to assert facts establishing jurisdiction, if any. *See Mitchell*, No. 6:16-cv-1648-ORL-37DCI, 2017 WL 5241420, at * 5 (M.D. Fla. Jan. 12, 2017) (recommending that plaintiff be provided leave to file an amended complaint setting forth a basis for personal jurisdiction).

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 5) be **DENIED** without prejudice.

2. Plaintiff's Amended Complaint (Dkt. 4) be **DISMISSED** without prejudice and with leave to file a second amended complaint that sets forth facts to support the exercise of personal jurisdiction over Defendants, if any. The undersigned recommends that the second amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on October 21, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 6 -

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual findings or legal conclusions the district judge adopts from this Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record
*Pro Se* Plaintiff